UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:17-CR-00024-TBR-LLK

MARVIN LEON HAYES                                              MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                       RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

Marvin Leon Hayes moved the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DN 56]. The United States responded. [DN 57]. Hayes did not timely file a reply. The Magistrate Judge issued a Findings of Fact and Recommendation that recommends denying Hayes's motion because his claim was without merit and procedurally defaulted. [DN 60]. Hayes then wrote a letter to the Court explaining that he was unable to file a reply because of issues with mail and his lack of representation. [DN 61]. After receiving Hayes's letter, the Court ordered that Hayes file written objections to the report within fourteen (14) days of entry of the order. [DN 62]. Hayes filed objections twenty-four (24) days later. [DN 63]. Though not timely, the Court will consider the late-filed objections due to Hayes's *pro se* status. Hayes also filed a "Motion for Supplemental Findings Pursuant to Rule 15 Fed Rules of Criminal Procedure." [DN 64]. For the reasons stated below, the Findings of Fact and Recommendation [DN 60] is adopted in full. Hayes's objections [DN 63] and supplemental § 2255 form [DN 64-2] are overruled in their entirety.

**I.  Background**

In June 2017, the Grand Jury returned an indictment charging Hayes with one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 922(a)(2). [DN 1].

1

Hayes later pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement. *United States v. Hayes*, 774 F. App'x 286 (6th Cir. 2019); *see also* [DN 39]. As the Sixth Circuit recounted in considering Hayes's direct appeal, this Court "imposed a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA) after finding defendant Marvin Leon Hayes had three previous serious-drug-offense convictions that he committed on different occasions." *Hayes*, 774 F. App'x at 286. "The ACCA mandates a fifteen-year minimum sentence for anyone convicted of being a felon in possession of a firearm who has 'three previous convictions by any court . . . for . . . a serious drug offense . . . committed on occasions different from one another." *Hayes*, 774 F. App'x at 286 (citing 18 U.S.C. § 924(e)(1)). The three § 924(e)-qualifying convictions identified in the Presentence Investigation Report include one "Kentucky conviction for trafficking cocaine," and "two federal convictions for possessing crack cocaine with the intent to distribute." *Id.* at 286; [DN 60 at 1–2]; [DN 28]. On direct appeal, Hayes challenged the imposition of the fifteen-year minimum sentence on the ground that this Court erred in finding that the federal convictions were committed on different occasions. *Hayes*, 774 F. App'x at 287. Finding no error, the Sixth Circuit affirmed this Court's judgment. *Id.* at 286–87. Now, Hayes asks the Court, pursuant to 18 U.S.C. § 2255, to amend his sentence on the ground that the Kentucky conviction for trafficking cocaine should not have been considered a serious drug offense under § 924(e)(1). [DN 56 at 6].

## II.     Motion, Findings of Fact and Recommendation, and Objections

Hayes filed a form motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody. [DN 56]. Hayes claims that he was incorrectly sentenced under the ACCA because his Kentucky conviction for trafficking cocaine was not a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A). *Id.* at 6. Hayes states that his sentence was enhanced "based on a Kentucky state drug conviction that is broader than the definition of a federal

drug offense." *Id.* Moreover, Hayes contends that the Kentucky statute under which he was convicted—KRS 218A.1412—"is categorically Broader than the federal Definition of a drug offense." *Id.* Although Hayes directly appealed his judgment, he summarily states that he did not raise this issue on direct appeal because of ineffective assistance of counsel. *Id.* at 4.

The government responded. [DN 57]. First, the government argues that Hayes is procedurally defaulted because he did not bring the issue he raises in his § 2255 motion on direct appeal, and Hayes cannot overcome the default by showing cause for the default and actual prejudice from the error or by showing that he is actually innocent. *Id.* at 3–5. Second, the government argues that even if Hayes had not procedurally defaulted by failing to raise the issue on direct appeal, the conviction that Hayes challenges is indeed a "serious drug crime" under § 924(e)(2)(A) and thus, the statutory minimum sentence was properly applied. *Id.* at 6.

Hayes did not reply, and the Magistrate Judge issued a Findings of Fact and Recommendation. [DN 60]. The Recommendation finds that even if Hayes's claim has merit, it is procedurally defaulted because Hayes did not challenge the status of the Kentucky offense as a serious drug crime on direct appeal. *Id.* at 3. The Recommendation also notes that Hayes "cannot excuse his procedural default by showing cause and prejudice because the only plausible cause would be ineffective assistance of trial and/or appellate counsel for not raising his present claim." *Id.* at 4, n. 3. Further, the Recommendation finds that Hayes cannot establish ineffective assistance of counsel because it is not "professionally unreasonable" or "prejudicial" to omit meritless arguments. *Id.* (quoting *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013)). Moreover, the Recommendation finds that Hayes's argument regarding the Kentucky offense is meritless because the Kentucky statute under which Hayes was convicted fits § 924(e)(2)(A)(ii)'s definition of a serious state drug offense. *Id.* at 2. This is so, the Recommendation explains, because the statute

3

made punishable an "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* at 2–3 (quoting 18 U.S.C. § 924(e)(2)(A)(ii)). In sum, the Magistrate Judge recommended that because the Kentucky conviction Hayes challenges was properly determined to be a § 924(e)-qualifying drug offense when this Court imposed Hayes's sentence, the sentence is not incorrect and should not be vacated, set aside, or corrected. *Id.* at 5.

Hayes filed objections. [DN 63]. Hayes argues that the enhancement under § 924(e) is not triggered solely because the Kentucky offense involved a maximum sentence of ten years. *Id.* at 2–3. Further, Hayes contends that the Kentucky statute at issue "only qualif[ies] as a predicate conviction if the elements of the state offense mirror, or are narrower than, the elements of the generic drug offense as defined by the Controlled Substances Act." *Id.* at 3. Hayes continues: "If state law defines the offense more broadly than the federal statute the prior conviction does not qualify as a predicate offense, even if the offense conduct satisfies all the elements of the federal offense." *Id.* Hayes further states that the Kentucky conviction cannot count as a § 924(e)-qualifying offense warranting application of the enhancement because the Kentucky conviction is not a controlled substance offense. *Id.* at 4.

Hayes then filed a "Motion for Supplemental Findings Pursuant to Rule 15 Fed Rules of Criminal Procedure." [DN 64]. Therein, Hayes states that he "is in full agreement with the recidivism context of the magistrate judge[']s determination and recommendation in reference to his 28 USC 2255." *Id.* at 1. Hayes goes on to state: "the ten year maximum or more is the fundamental issue of which the petitioner . . . is presenting to the court for reconsideration." *Id.* Hayes asks that the Court apply the categorical approach of *Taylor v. United States*, 495 U.S. 575

(1990). Applying *Taylor*, Hayes argues, will bring the Court to find that his prior convictions do not now, nor have they ever, carried the prerequisite of a ten-year maximum. *Id.* at 2. Hayes also asks for re-review of the magistrate judge's recommendation and for the Court to allow the government to respond to his supplemental filing. *Id.* Hayes also cites *Rodriquez v. United States*, 553 U.S. 377 (2008) in support. *Id.* at 3. Finally, without development, Hayes states that the Court's consideration of his supplemental filings "will afford the petitioner . . . the benefit of the Due Process that is guaranteed by the United States constitutional [amendments] of 5th and 8th and their equal protection under the law clause." *Id.*

Hayes also filed another form motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. [DN 64-2]. It appears that Hayes copied his previous form motion and added as grounds (1) a due process violation, arguing that his due process was violated in the Court's imposition of the sentencing enhancement under of § 924(e), and (2) ineffective assistance of counsel that was "initiated at the presentation, encouragement, and [coercion] of signing the plea which resulted in enhancement application." *Id.* at 4–5.

### III.  Standard of Review

The Court "make[s] a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991)). Likewise, an "objection . . . that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part

of the magistrate judge." *Altyg v. Berryhill*, No. 16-11736, 2017 WL 4296604, at *1 (E.D. Mich. Sept. 28, 2017). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Id.* Moreover, the Court need not review those aspects of the report and recommendation to which no specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Rather, the Court may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Thomas*, 474 U.S. at 151.

"To obtain relief under § 2255, a prisoner 'must show (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Brown v. United States*, No. 20-3632, 2021 WL 2470311, at *2 (6th Cir. May 21, 2021) (quoting *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012)) (internal citation and quotation marks omitted).

The Armed Career Criminal Act provides that "a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a fifteen-year mandatory minimum sentence. 18 U.S.C. § 924(e)(1). A serious drug offense is defined as either a federal drug related offense, or "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A).

6

**IV.     Discussion**

As an initial matter, the Court notes that in Hayes's original objections to the Magistrate Judge's Findings of Fact Recommendation, he asked the Court for an additional sixty (60) days to develop his arguments on the grounds that the law library at his facility (Pekin FCI) had been inaccessible due to COVID-19. [DN 63 at 2]. Because the Court now considers Hayes's supplement, filed more than sixty days after his objections were filed, the Court deems his request for additional time to be moot.

In his objections, Hayes largely reiterates the arguments he made in his motion. [DN 63]; [DN 56]. Specifically, Hayes primarily argues that the statute grounding his Kentucky state drug conviction, KRS 218A.1412, is broader than the federal definition of a drug offense. [DN 63 at 3–4]; *see also* [DN 56 at 6]. Because this is simply a restatement of Hayes's argument in his original motion, the Court overrules this objection, to the extent it can be construed as one.

Hayes also states that the § 924(e) enhancement cannot be triggered solely by the fact that the underlying offense includes the required maximum penalty. [DN 63 at 2–3]. On this point, the Recommendation does not find that a conviction qualifies as a predicate offense solely because it includes a maximum term of imprisonment of ten years or more. To the contrary, the Recommendation provides:

> Section 924(e)(2)(A)(i) defines a "serious [federal] drug offense" as an "offense under the Controlled Substances Act (21 U.S.C. 801 et seq.) … for which a maximum term of imprisonment of ten years or more is prescribed by law." Section 924(e)(2)(A)(ii) defines a "serious [State] drug offense" as an "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance … for which a maximum term of imprisonment of ten years or more is prescribed by law."

[DN 60 at 2]. Thus, Hayes's objection on this point is also overruled.

The only issue Hayes raises which does not simply reiterate previous arguments appears in his supplemental filing. [DN 64]. There, Hayes argues, in relevant part, that the Court should apply the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990) to determine whether his prior convictions carried the prerequisite ten-year maximums to warrant application of the ACCA's mandatory minimum. *Id.* at 2. Without explanation, Hayes also cites *Rodriquez v. United States*, 553 U.S. 377 (2008) in support of this point. The categorial approach used in *Taylor* leads the court to the same conclusion. The Supreme Court statesz: "We think the only plausible interpretation . . . [is] to look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602. When applying this method to the case at hand, Hayes's three prior convictions, the two federal convictions, and the violation of KRS 218A.1412, all fall into the "serious drug offense" definition. At the time of the conviction in 2000, violation of the Kentucky statute was punishable by up to ten years in prison qualifying it as a serious drug offense under Section 924(e). [DN 60 at 2–3].  Therefore, applying the statutory definitions, Hayes falls under the §924(e) enhancement.

In Hayes's additional 28 U.S.C. § 2255 form to vacate, set aside, or correct his sentence, he adds additional grounds based on a due process violation, arguing that his due process was violated in the Court's imposition of the sentencing enhancement under of § 924(e), as well as, ineffective assistance of counsel that was "initiated at the presentation, encouragement, and [coercion] of signing the plea which resulted in enhancement application." [DN 64-2 at 4–5]. These additions appear to be reiterations of prior arguments without specific objections to the Magistrate's determination. Both arguments were provided without support and can be denied on the same basis provided above and in the Recommendation. [DN 60].

Further, because all arguments were provided without merit and are procedurally defaulted, and the Movant failed to demonstrate that reasonable jurists could disagree with either this Court's prior assessment, or the Magistrate's determination, a certificate of appealability is denied.

### V. Conclusion

The above matter having been referred to the United States Magistrate Judge, who has filed his Findings of Fact and Conclusions of Law, objections having been filed thereto, and the Court having considered the same,

**IT IS HEREBY ORDERED** that the Court adopts the Findings of Fact and Conclusions of Law as set forth in the report submitted by the United States Magistrate Judge [DN 60].

**IT IS FURTHER ORDERED** that Movant/Defendant's motion to vacate under 28 U.S.C. § 2255 [DN 56; 64] IS **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** as to each claim asserted in the motion to vacate.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

September 21, 2021

cc: counsel

Marvin Leon Hayes, pro se
06427-033
PEKIN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555