UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:17-CR-00024-TBR-LLK

MARVIN LEON HAYES                                                           MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                                  RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

This matter arises before the Court upon *pro se* Defendant Marvin Leon Hayes's Motion for Compassionate Release in Light of Covid-19. [DN 65]. The United States responded. [DN 67]. Defendant replied. [DN 70]. As such, this matter is ripe for adjudication. For the reasons stated below, **IT IS HEREBY ORDERED** that Hayes's Motion for Compassionate Release is **DENIED**.

**I.     Background**

In June 2017, the Grand Jury returned an indictment charging Hayes with one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 922(a)(2). [DN 1]. Hayes later pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement. *United States v. Hayes*, 774 F. App'x 286 (6th Cir. 2019); *see also* [DN 39]. As the Sixth Circuit recounted in considering Hayes's direct appeal, this Court "imposed a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA) after finding defendant Marvin Leon Hayes had three previous serious-drug-offense convictions that he committed on different occasions." *Hayes*, 774 F. App'x at 286. "The ACCA mandates a fifteen-year minimum sentence for anyone convicted of being a felon in possession of a firearm who has 'three previous convictions by any court . . . for . . . a serious drug offense . . . committed on occasions different from one another." *Hayes*, 774 F.

1

App'x at 286 (citing 18 U.S.C. § 924(e)(1)). The three § 924(e)-qualifying convictions identified in the Presentence Investigation Report include one "Kentucky conviction for trafficking cocaine," and "two federal convictions for possessing crack cocaine with the intent to distribute." *Id.* at 286; [DN 60 at 1-2]; [DN 28]. On direct appeal, Hayes challenged the imposition of the fifteen-year minimum sentence, but finding no error, the Sixth Circuit affirmed this Court's judgment. 774 F. App'x at 286–87. Hayes, pursuant to 18 U.S.C. § 2255, then moved to amend his sentence on the ground that the Kentucky conviction for trafficking cocaine should not have been considered a serious drug offense under § 924(e)(1). [DN 56 at 6; DN 64]. In agreement with the Magistrate Judge's Recommendation, the Court denied Hayes's motion to vacate. [DN 73]. He now requests the Court to grant him compassionate release due to his underlying medical conditions and the COVID-19 pandemic.

## II.  Legal Standard

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3852(c) provides that:

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) In any case—

(A) *the court*, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier *may reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*

> (i) extraordinary and compelling reasons warrant such a reduction ..."

18 U.S.C.A. § 3582(c)(1)(A) (emphasis added). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), 18 U.S.C. § 3582(c)(1)(A) requires the Court to engage in a "three-step inquiry" in reviewing compassionate release motions. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion ... to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The only family circumstances listed that might result in an extraordinary and compelling reason are "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children; [or] (ii) [t]he incapacitation or the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. § 1B1.13, cmt. n.1(D).

After considering whether extraordinary and compelling reasons warrant a sentence reduction, the district court proceeds to the final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 984 F.3d at 518 (citing *Jones*, 980

F.3d at 1101, 1108). Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

### III.     Discussion

#### A.  Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, 425 F.Supp.3d. 573, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, Hayes requested compassionate release and was denied on August 6, 2020. [DN 65-2]. Hayes filed the present motion on June 22, 2021. [DN 65]. The Government does not dispute that the exhaustion requirement is satisfied. [DN 67, at 3]. Accordingly, the Court finds that Defendant has properly exhausted his administrative remedies under the First Step Act.

#### B.  Extraordinary and Compelling Reasons

Where, as here, an incarcerated person files a motion for compassionate release directly, the district judge may skip step two of the § 3582(c)(1)(A) inquiry and has full discretion to define and determine whether an "extraordinary and compelling" reasons exists on his own initiative, without consulting the policy statement § 1B1.13. *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980

6

F.3d at 1111). Though the Court agrees that the policy statement still provides a useful starting point to determine whether extraordinary and compelling reasons exist, the Court can and does look to other reasons when ruling on a motion for compassionate release. The present motion represents many filed by incarcerated persons around the country who have limited control of their environment, often cannot practice social distancing, and are concerned about contracting COVID-19. The Sixth Circuit acknowledged this concern and approved the following two-part test "for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at a high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520 (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020) (internal quotation marks omitted)).

In support of his motion, Defendant argues that his underlying medical conditions including high blood pressure, high cholesterol, prediabetes, type two diabetes mellitus, glaucoma, and the risk of Defendant re-contracting COVID-19 constitute extraordinary and compelling reasons for his release. [DN 70 at 2; *see also* DN 67 at 3]. He further argues that his mother's medical condition and recent surgeries, as her primary caregiver, should be considered. [DN 70 at 3]. Defendant attached his individualized reentry plan, certificates showing the various programs Defendant has completed while incarcerated, as well as proof of medication for the above stated medical conditions. [See DN 65 and 65-2; DN 69]. In response, the Government states "[t]he Court should deny Hayes's motion because he has declined a Covid-19 vaccination, has recovered from Covid-19, has an extensive criminal record; and the need for adequate deterrence, respect for the law, and the safety of society are of utmost importance." [DN 67 at 16].

Defendant's BOP medical records confirm that he is a 47-year-old African American male who suffers from hypertension, hyperlipidemia, depression, and type two diabetes mellitus. [DN 72 at 2]. BOP records also show that he is on medication for the above medical conditions and has access to regular treatment. *Id.* at 3. The CDC's guidelines advise that individuals who have an underlying medical condition of type two diabetes mellitus and hypertension (high blood pressure) are among those "at high risk for severe illness from the virus that causes Covid-19."[1]

Moreover, statistically speaking, Defendant's race and age put him at a higher risk of serious illness from COVID-19 than other populations, even though his age does not place him in the most vulnerable age category. The CDC website states that individuals aged 40–49 are 2x more likely to be hospitalized and 10x more likely to die from COVID-19 compared to an 18–29-year-old.[2] Further, the website states that when compared to Non-Hispanic whites, African Americans are 1.1x more likely to contract COVID-19, 2.8x more likely to be hospitalized from COVID-19, and 2x more likely to die from COVID-19.[3]

Citing CDC guidelines, the Government concedes that "Hayes does present medical conditions included on the CDC's current list of risk factors, such as hypertension and diabetes." [DN 67 at 11]. However, Hayes previously tested positive and recovered from Covid-19 without complication, and was offered the vaccine, but denied it for fear of medical complications. [DN 72 at 31,32; DN 70 at 2]. Currently, Defendant is housed at FCI Pekin, in Pekin, Illinois. As of September 14, 2021, FCI Pekin had zero inmates and two staff members with confirmed active

---

[1] *Science Briefs: Evidence for Conditions that Increase Risk of Severe Illness*, CDC (May. 12, 2021), https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/underlying-evidence-table.html.
[2] *Risk for COVID-19 Infection, Hospitalization, and Death by Age Group*, CDC (Sept. 9, 2021), https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html
[3] *Risk for COVID-19 Infection, Hospitalization, and Death by Race/Ethnicity*, CDC (Sept. 9, 2021), https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-race-ethnicity.html

cases of COVID-19.[4] Although there are two active staff cases, there is no outbreak within the prison. FCI Pekin houses 1,248 inmates[5] of which 750 are currently vaccinated.[6] Regardless of Hayes's vaccination status, the risk of contracting the virus is lessened due to the sheer number of vaccinated inmates. Therefore, the Court finds that the BOP has made significant efforts to provide meaningful care and FCI Pekin is equipped to meet Defendant's medical needs.

The Court acknowledges that, based on relevant CDC guidelines, Defendant's diabetes and hypertension places him at an increased risk for severe illness from COVID-19 and this may constitute an "extraordinary" reason for purposes of 18 U.S.C. § 3582(c)(1)(A). However, Defendant's medical condition is stable, he is housed in a facility that is equipped to meet his medical needs, and there is no current outbreak at FCI Pekin, therefore, the Court finds that Defendant has failed to establish extraordinary and compelling medical reasons that warrant his release under 18 U.S.C. § 3582(c)(1)(A).

Further, Defendant argues that the status of his mother's health, and specifically his role as her primary caretaker, should be considered. Although the Court is sympathetic to Hayes's desire to care for his mother, this is not an extraordinary or compelling reason for granting a compassionate release. The Sentencing Commission describes two categories under family circumstances that would qualify as extraordinary and compelling reasons, stated above, and Hayes has not alleged either of these situations.

Additionally, Hayes has provided evidence of completion of the Drug Abuse Education, National Parenting Program, and Football Official's Clinic course, as well as proof of baptism. [DN 65-2 at 14–17]. However, "rehabilitation is specifically excluded as an independent basis for

---

[4] *Covid-19 Coronavirus*, FBP, https://www.bop.gov/coronavirus/index.jsp (last visited Sept. 14, 2021).
[5] *FCI Pekin*, FBP, https://www.bop.gov/locations/institutions/pek/ (last visited Sept. 14, 2021).
[6] *Covid-19 Coronavirus*, FBP, https://www.bop.gov/coronavirus/index.jsp (last visited Sept. 14, 2021).

compassionate release." *United States v. Wieber*, 2020 WL 1492907 *3 (W.D. Ky. March 27, 2020). The Court applauds all the actions Hayes has taken, but because he was unable to show an extraordinary and compelling reason for release, this motion must be denied.

### C.  18 U.S.C. § 3553(a) Factors

Considering the totality of Defendant's circumstances, Defendant's compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not warranted. Nonetheless, even though the Court has found Defendant is not entitled to compassionate release, the Court will weigh the sentencing factors in § 3553(a). *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019). Pursuant to § 3553(a), a court imposing a sentence shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];
>
> (5) any pertinent policy statement ... by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, both the "nature and circumstances" of Defendant's crimes and Defendant's "history and characteristics" weigh against relief. Defendant's criminal history contains multiple convictions including wanton endangerment, drug trafficking, assault, and possessing a weapon after felony convictions making his criminal history score the highest possible, category VI. [DN 28 PSR; DN 67 at 15–16]. Defendant was convicted of three serious drug offenses that resulted in his classification as an armed career criminal. [DN 60 at 1–2]. Additionally, Defendant has currently served less than 50 percent of his sentence. Accordingly, the Court finds that the nature and circumstances of the present offense and Defendant's history and characteristics do not support relief. Therefore, the Court must deny Defendant's motion.

### IV. Conclusion

For the above reasons, **IT IS HEREBY ORDERED** that Hayes's Motion for Compassionate Release [DN 65] is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

September 21, 2021

cc: counsel

Marvin Leon Hayes, pro se
06427-033
PEKIN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555

11