UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:17-CR-00024-TBR-LLK

MARVIN LEON HAYES                                                               MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                                    RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

This matter arises before the Court upon pro se Defendant Marvin Leon Hayes's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). [DN 75]. The United States responded. [DN 76]. Hayes did not timely reply. For the reasons stated below, Hayes's Motion for Reconsideration is **DENIED**. [DN 75].

A full recitation of the facts and procedural background can be found in the Court's prior Memorandum Opinion and Order. [*See* DN 73]. A condensed version is as follows: Hayes moved the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing in relevant part that he had ineffective assistance of counsel and that his Kentucky conviction for cocaine trafficking should not be considered a "serious drug offense" under U.S.C. § 924(e). [DN 56]. The Magistrate Judge rejected these arguments in his Findings of Fact and Recommendation which the Court adopted. [DN 60; DN 73]. Hayes now requests the Court to reconsider its ruling, again arguing that his Kentucky conviction should not fall under § 924(e) and that his counsel was ineffective. [DN 75].

Rule 59(e) allows an aggrieved party to file a motion to alter or amend a judgment within 28 days of its entry. *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565 at *1 (E.D. Tenn. Mar. 20, 2008); Fed. R. Civ. P. 59(e). "A district court may alter or amend a judgment under Civil

1

Rule 59(e) to correct a clear error of law; account for newly discovered evidence or an intervening change in the controlling law; or otherwise prevent manifest injustice." *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal*, Inc., 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 857 F. Supp. 2d 647, 655 (W.D. Ky. 2012).

Hayes has provided no grounds for relief under the four permissible bases for reconsideration. Rather, he is merely attempting to "rehash" his original arguments or take issue with the Court's ruling. Because the Court has thoroughly discussed both Defendant's claims in previous Memorandum Opinions and Orders, the Court will not address the merits of the arguments again. Hayes maintains the Court's rulings on these issues are "errors in fact or law," but he fails to elaborate how they constitute clear error. Instead, Hayes essentially disagrees with the Court's analysis and attempts to convince the Court a second time why it should rule in his favor. As such, he fails to satisfy the standard under Rule 59(e). Because Hayes has not shown that the "extraordinary relief" afforded under Rule 59(e) is warranted, his motion is denied in all respects. *Marshall v. Johnson,* 2007 WL 1175046, at *2 (W.D.Ky. Apr.19, 2007).

For the reasons stated herein, the Court finds no basis upon which to alter, amend, or vacate its prior Order denying Defendant's § 2255 motion. Accordingly, **IT IS HEREBY ORDERED** that Hayes's Motion for Reconsideration is **DENIED**. [DN 75].

**IT IS SO ORDERED.**

cc: counsel

**Marvin Leon Hayes**, *pro se*
06427-033
PEKIN
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555